United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO SANTIAGO-MARCAS,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION CENTER, *et al.*,<br>Respondents. | Case No. 1:26-cv-05283 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 2 |

Petitioner filed the instant Petition for Writ of Habeas Corpus (Dkt. No. 1) and a Motion for Temporary Restraining Order (Dkt. No. 2) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). The petition raises claims that are functionally identical to those addressed by many other courts within this district. Petitioner entered the United States on March 7, 2022 near the Hidalgo, Texas border as an unaccompanied minor. Dkt. No. 1 ¶ 10. Petitioner was subsequently arrested by immigration authorities and placed in the custody of the Office of Refugee Resettlement ("ORR"). *Id.* ¶ 11. On April 5, 2022, the ORR released Petitioner to the custody of his brother who resided in Fort Lauderdale, Florida. *Id.* ¶ 12. Petitioner maintains that he has lived in the United States with his family since his initial release in April 2022 and has no criminal history—a contention which Respondents do not dispute. *Id.* ¶ 13; *see* Dkt. No. 6 at 6 (immigration records indicate that Petitioner has no criminal history). His removal proceedings are currently pending before the Immigration Court. *Id.* ¶ 14. Petitioner was arrested by U.S. Immigration and Customs Enforcement on May 31, 2026 when he was returning home from church. *Id.* ¶ 15.

Many prior orders within this district are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *Palma-Grande v. Warden, Cent. Valley Annex,* No. 1:26-CV-04050-NW, 2026 WL 1656112 (E.D. Cal. June 8, 2026); *Iraheta Vigil v. Chestnut*, No. 1:26-cv-03967-VC, ECF No. 9 (E.D. Cal. June 18, 2026); *Barraza Cruz v. Warden of the Golden State Annex*, No. 1:26-CV-04642-VC, 2026 WL 1893580 (E.D. Cal. June 30, 2026); *Funes v. Warden, California City Corr. Ctr.*, No. 1:26-CV-03710 (AMO), 2026 WL 1541796 (E.D. Cal. June 1, 2026). For the reasons stated in those cases, Petitioner is entitled to relief.

Respondents prior release from DHS custody "reflects a determination by the government that [Petitioner] is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("[Immigration officials] may release the minor to a "sponsor" ... so long as the minor is not dangerous) (citing 8 U.S.C. § 1232(c)(2)(A)). Petitioner, therefore, has a clear liberty interest in his continued release. *See, e.g., Sergio S.M. v. Noem*, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206, at *3 (E.D. Cal. Dec. 31, 2025); *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866, *4–5 (E.D. Cal. Sept. 18, 2025)*; F.S.S.M. v. Wofford*, No. 1:25-CV-01518-TLN-AC, 2025 WL 3526671, at *3 (E.D. Cal. Dec. 9, 2025). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation is considerable where not finding of flight risk or danger has been made, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

On July 10, 2026, the Court issued an order to show cause ("OSC") on the motion for a temporary restraining order directing Respondents to identify any factual issues which distinguish this case from prior orders addressing the issues in the petition. Dkt. No. 5. Respondents filed an opposition on July 14, 2026, noting that "[t]he instant matter is not substantially different than the other cases cited by the Court in its minute order." Dkt. No. 6 at 1. Respondents also indicated in

United States District Court
Eastern District of California

their briefing that they did not oppose the Court ruling on the underlying habeas petition without further briefing. *Id*. The only argument Respondents make in response is that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2). *Id*. This argument was rejected in the orders listed in the OSC, and the Court adopts that same reasoning here. As Petitioner was previously detained and released by immigration authorities under a different statute, he maintains a protected liberty interest in his continued release.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED, for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Domingo Santiago-Marcas from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: July 15, 2026

EDWARD J. DAVILA
United States District Judge